MANHATTAN ROLLING MILL v. DELLON.

(Supreme Court, Appellate Term. December 16, 1908.)

1. GUARANTY (§ 27*)—CONSTRUCTION—EXTRANEOUS MATTERS.

A guaranty being unambiguous, resort to the facts and circumstances out of which it grew is unnecessary in its construction.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 28; Dec. Dig. § 27.*]

2. GUARANTY (§ 36*)—CONSTRUCTION—EXTENT OF LIABILITY.

A guaranty ordinarily refers to future debts, and will be so construed in the absence of a clear intention to include accrued debts.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 38; Dec. Dig. § 36.*]

3. GUARANTY (§ 27*)—CONSTRUCTION—QUESTION FOR COURT.

Determination of the meaning of a guaranty, the language of which is not ambiguous, is for the court, according to the rules for construction of contracts.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 28; Dec. Dig. § 27.*]

Appeal from City Court of New York, Trial Term.

Action by the Manhattan Rolling Mill against George Dellon. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

W. Bennett Marx, for appellant.

Walter H. Dodd, for respondent.

HENDRICK, J. The guaranty in question is not ambiguous, and it was unnecessary to resort to the facts and circumstances out of which it arose. The extent of the defendant's obligation must be determined from all of the language used. The language of the guaranty does not disclose any ambiguity. There appears to be nothing in the language which gives to the guaranty a retrospective operation so as to include debts already contracted. Ordinarily a guaranty refers to the future debts, and, in the absence of a clear intention to include an accrued indebtedness, the obligation will not be extended. It is quite unnecessary, therefore, to consider the testimony adduced on the trial to show the dealings of the parties. It is only where the terms of a contract are indefinite or the language ambiguous that the question of meaning becomes one for the jury. Here it should have been determined by the court, and interpreted according to the rules for the construction of contracts.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes